Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| THE SHERWIN-WILLIAMS CO. PR<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO DE GUAYANILLA; JUNTA DE SUBASTAS DEL MUNICIPIO DE GUAYANILLA<br><br>Recurridos<br><br>COMERCIAL LOS FURGONES<br>Licitador Seleccionado | TA2025RA00186 | *Revisión* procedente de la Junta de Subastas del Municipio de Guayanilla<br><br>Sobre: Revisión de Adjudicación de Subasta General Núm. 1-AE-2025-2026 Renglón 15 – Suministro de Pinturas y Accesorios |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Rivera Marchand, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 10 de septiembre de 2025.

Comparece ante nos, The Sherwin-Williams Co. PR (Sherwin-Williams o recurrente) y cuestiona la adjudicación de la Subasta General #1-AE-2025-2026 (Subasta) emitida y notificada el 11 de agosto de 2025 por el Municipio de Guayanilla (Municipio) y la Junta de Subastas del Municipio de Guayanilla (Junta) (en conjunto, recurridos).[1]

Por los fundamentos que se esbozan a continuación, *revocamos* la adjudicación de la Subasta recurrida.

## I.

El 9 de mayo de 2025, la Junta emitió un Aviso de Subasta mediante el cual invitó a licitadores interesados a presentar ofertas para la Subasta General del Año Fiscal 2025-2026.[2] Dicha Subasta correspondía al suministro de diversos artículos y servicios, entre la

---

[1] SUMAC TA, Entrada Núm. 1, Apéndice Núm. 24.
[2] *Íd.,* Apéndice Núm. 1.

que figuró el Renglón #15 referente al suministro de pinturas y accesorios. Asimismo, se notificó a los licitadores interesados de las siguientes Condiciones Generales que habrían de regir los procedimientos:

1. TODA LICITACIÓN DEBER[Á] VENIR ACOMPAÑADA DE UNA FIANZA DE $100.00 O UN BID BOND MONTANTE AL DIEZ POR CIENTO (10%) DE LA SOLICITUD ENTREGADA, QUE GARANTICE LOS PRECIOS DE LOS ARTÍCULOS Y MATERIALES COTIZADOS Y EL FIEL CUMPLIMIENTO DE LA OFERTA O UN PAGO DE $100.00 A NOMBRE DEL MUNICIPIO DE GUAYANILLA. ESTA FIANZA NO SERÁ REEMBOLSABLE.

2. LAS LICITACIONES DEBER[Á]N SOMETER UN ORIGINAL [Y] AÑADIR EL FORMATO DIGITAL Y UNA COPIA EN SOBRES SELLADOS POR SEPARADOS.

3. EL PAGO DE LOS PLIEGOS SER[Á] DE $25.00 POR RENGLÓN.

4. SE DEBER[Á] ESTABLECER UN TIEMPO RAZONABLE PARA EL PAGO DE LA FACTURA EL CUAL DEBE HONRAR TODO EL AÑO FISCAL.

5. CUALQUIER VIOLACIÓN A LO EXPUESTO EN ESTE PLIEGO SERÁ MOTIVO DE LA CANCELACIÓN DE PARTICIPACIÓN EN LA SUBASTA.

6. LA HON. JUNTA DE SUBASTAS SE RESERVA EL DERECHO DE ACEPTAR O RECHAZAR CUALQUIER OFERTA QUE A SU MEJOR CRITERIO RESULTE EN DESVENTAJA PARA LOS INTERESES DEL MUNICIPIO; ASÍ COMO ADJUDICAR LA BUENA PRO TOMANDO COMO BASE OTROS FACTORES QUE NO SEAN NECESARIAMENTE EL PRECIO.

7. SI AL ABRIR ESTE SOBRE CERRADO CONTENIENDO LA OFERTA, NO ESTÁ INCLUIDA LA FIANZA DE LICITACIÓN, NO SE PERMITIRÁ SUBSANAR EL DEFECTO MEDIANTE EL DEPÓSITO DE LA MISMA. TODA OFERTA QUE AL ABRIRSE EL SOBRE CERRADO NO TENGA LA FIANZA EXIGIDA, SERÁ DESCALIFICADA INMEDIATAMENTE Y NO SERÁ CONSIDERADA POR LA JUNTA DE SUBASTAS.

8. TODOS Y CADA UNO DE LOS PLIEGOS DE LICITACIÓN RECIBIDOS COMO RESULTADOS DE ESTA CONVOCATORIA O SUBASTA PODR[Á]N SER RECHAZADOS SI SE CONSIDERA QUE EL LICITADOR CARECE DE RESPONSABILIDADES O SI LA NATURALEZA, CALIDAD DE LO QUE OFRECEN EST[Á] FUERA DE LOS REQUISITOS QUE SE EXIGEN, DISPONI[É]NDOSE, ADEM[Á]S QUE SI LOS PRECIOS COTIZADOS SE CONSIDERAN COMO IRRAZONABLES O QUE EL P[Ú]BLICO NO SE BENEFICIE DE LOS MISMOS, SE DECLARA LA SUBASTA EN LA PARTE CORRESPONDIENTE SIN NING[Ú]N EFECTO.

9. LUEGO DE LA EVALUACIÓN DE LAS OFERTAS QUE SE LE SOLICITARA AL LICITADOR AGRACIADO QUE SOMETA LOS SIGUIENTES DOCUMENTOS LOS

CUALES SON REQUERIDOS PARA LA FORMALIZACIÓN DEL CONTRATO POR SERVICIOS:

a. CERTIFICACIÓN DE DEUDA ACTUALIZADA DEL DEPARTAMENTO DE HACIENDA[;]
b. CERTIFICACIÓN [DE] RADICACIÓN DE PLANILLAS DE LOS [Ú]LTIMOS CINCO AÑOS DEL DEPARTAMENTO DE HACIENDA[;]
c. CERTIFICADO DEL REGISTRO DE COMERCIANTE DEL DEPARTAMENTO DE HACIENDA[;]
d. CERTIFICACIÓN DEL CRIM (MUEBLE E INMUEBLE)[;]
e. CERTIFICACIÓN DE ASUME[;]
f. PATENTE MUNICIPAL DEL MUNICIPIO DONDE EST[É] UBICADO EL NEGOCIO[;]
g. CERTIFICACIÓN DEL DEPARTAMENTO DEL TRABAJO[;]
h. CERTIFICACIÓN DE INCORPORACIÓN[;]
i. SI TIENE EXENCIÓN CONTRIBUTIVA, COPIAS DEL CERTIFICADO DE TRABAJO[;]
j. EVIDENCIA SI APLICA DE ESTAR ACOGIDO A LOS BENEFICIOS DE LA LEY 42 DEL 5 DE AGOSTO DE 1989, COMO LA LEY DE POLÍTICA PREFERENCIAL PARA COMPRAS DE GOBIERNO[;]
k. PÓLIZA DE LA CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO[;]
l. DECLARACIÓN JURADA DEL MUNICIPIO DE GUAYANILLA[.][3]

Al 28 de mayo de 2025, fecha límite para someter las ofertas, comparecieron tres (3) licitadores: el recurrente, Comercial Los Furgones (Los Furgones) y Comercial Sabaneño, Inc. (Sabaneño).

Posteriormente, el 6 de junio de 2025, la Junta notificó a los licitadores mediante carta la adjudicación de la buena pro de la Subasta del Renglón #15 a Los Furgones.[4] En la misiva, la Junta solo constó que la decisión unánime de adjudicarle la Subasta a Los Furgones se debió a que su oferta fue la más completa, representaba los mejores intereses para el municipio, sus precios fueron competitivos con el mercado y era el actual suplidor del municipio en adición a que entendía satisfactorio su servicio.

Inconforme, el 12 de junio de 2025, Sherwin-Williams solicitó a la Junta una copia del expediente de la Subasta en aras de revisar los fundamentos de la decisión administrativa en la que resultó

---

[3] SUMAC TA, Entrada Núm. 1, Apéndice Núm. 4, págs. 2-3.
[4] *Íd.*, Entrada Núm. 1, Apéndice Núm. 7.

perdidoso.[5] En respuesta, el 13 de junio de 2025, la Junta le remitió el expediente administrativo.[6]

El 16 de junio de 2025, el recurrente presentó un *Recurso de Revisión Judicial* ante esta Curia para impugnar el proceso de adjudicación de la Subasta.[7] Asimismo, instó una *Moción en Auxilio de Jurisdicción* para solicitar la paralización de los procedimientos ante la Junta mientras se ventilaba el recurso apelativo.[8]

No obstante, en aquella ocasión, desestimamos el recurso instado por Sherwin-Williams por ser prematuro.[9] Específicamente, resolvimos que la adjudicación notificada el 6 de junio de 2025 por la Junta, no era susceptible de ser revisada por no cumplir con el marco legal exigido. Ello, toda vez que, la referida notificación únicamente se limitó a expresar las razones por las cuales adjudicó la Subasta a favor de Los Furgones.

El 11 de agosto de 2025, la Junta cursó a Sherwin-Williams una segunda carta de notificación de adjudicación.[10] En el referido documento, hizo constar que determinó no otorgarle la buena pro al recurrente por no presentar una oferta completa de los componentes del Renglón #15 en su licitación. Sobre ello, sostuvo que la presentación de una oferta incompleta era causa suficiente para descartar la misma, conforme al inciso número cinco (5) de las Condiciones Generales de la Subasta.

Asimismo, resaltó que Sherwin-Williams no presentó los términos razonables de pago y crédito, según lo requería el inciso cuatro (4) de las antedichas Condiciones Generales. Añadió que lo

---

[5] SUMAC TA, Apéndice Núm. 8.
[6] *Íd.,* Apéndice Núm. 9 y 10.
[7] SUMAC TA, Entada Núm. 1, Apéndice Núm. 11.
[8] *Íd.,* Apéndice Núm. 12.
[9] Véase la *Sentencia* emitida y notificada el 17 y 18 de julio de 2025, respectivamente, en el caso núm. TA2025RA00002. Cabe destacar que en aquel dictamen resaltamos el hecho de que la Junta de Subastas incluyó, dentro del expediente administrativo, una fianza de licitación que presentó Los Furgones, más la referida fianza correspondía al Renglón #14 y no al Renglón #15, que nos atañe.
[10] SUMAC TA, Entrada Núm. 1, Apéndice Núm. 24.

anterior no garantizaba la continuidad de las obras y proyectos en curso del municipio, para los cuales estaba destinado el Renglón #15.

Insatisfecho, el 21 de agosto de 2025, Sherwin-Williams compareció ante nos mediante el presente *Recurso de Revisión Judicial* y señala la comisión del siguiente error:

**A. ERRÓ LA JUNTA Y ACTUÓ DE FORMA CAPRICHOSA, ARBITRARIA Y PREJUICIADA AL ADJUDICAR EL RENGLÓN 15 DE LA SUBASTA A UN LICITADOR QUE NO PRESTÓ FIANZA DE LICITACIÓN, DEFECTO INSUBSANABLE Y MOTIVO DE DESCALIFICACIÓN INMEDIATA.**

Junto con su recurso, el recurrente presentó una *Moción en Auxilio de Jurisdicción*[11] y una *Solicitud para Presentar Moción en Auxilio de Jurisdicción en Exceso de Páginas.*[12]

Ese mismo día, emitimos y notificamos una *Resolución* en la que concedimos la solicitud en auxilio de jurisdicción y ordenamos la paralización de los procedimientos relacionados a la Subasta.[13] Asimismo, concedimos a los recurridos un término de diez (10) días para que presentaran su alegato y constataran el pago de la fianza correspondiente al Renglón 15 de la Subasta. Dicha *Resolución*, cabe destacar, fue igualmente notificada a Los Furgones y a Sabanero.

A pesar de habérseles apercibido del término que tenían para comparecer ante nos, los recurridos no han acreditado alegato o comparecencia alguna, por lo que, según advertido, procedemos a resolver sin su comparecencia.

**II.**

**A. La adjudicación de subastas y su revisión judicial**

Es sabido que, por razón de que acarrea el desembolso de fondos del erario, la contratación gubernamental para la adquisición

---

[11] SUMAC TA, Entrada Núm. 2.
[12] *Íd.,* Entrada Núm. 3.
[13] *Íd.,* Entrada Núm. 4.

de bienes y servicios está revestida de un alto interés público. *Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al.*, 2025 TSPR 85, 216 DPR ___ (2025), pág. 6; *Mun. Aguada v. W Const. y Recovery Finance,* 214 DPR 432 (2024); *St. James Sec. v. AEE,* 213 DPR 366 (2023); *SLG Ortiz-Mateo v. ELA,* 211 DPR 772 (2023). Por ello, el mecanismo de subasta pública ostenta rol primordial en la protección de ese interés. *Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al.*, supra, pág. 6; *CD Builders v. Mun. Las Piedras,* 196 DPR 336, 344 (2016).

Entre sus objetivos primordiales figuran evitar el favoritismo, la corrupción, la extravagancia y el descuido al otorgarse un contrato. *Íd.*, págs. 343-344; *Empresas Toledo v. Junta de Subastas,* 168 DPR 771, 793 (2006). Cónsono con lo anterior, nuestro ordenamiento jurídico exige, para alcanzar los objetivos de transparencia y responsabilidad fiscal, la aplicación rigurosa de las normas de licitación. *Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al.*, supra, pág. 7.

Por lo general, el Gobierno adquiere bienes y servicios a través del mecanismo de la subasta o la licitación formal. *CD Builders v. Mun. Las Piedras,* supra, pág. 344; *R & B Power v. ELA,* 170 DPR 606 (2007).

Este mecanismo consta de varias etapas: (1) la redacción del pliego de condiciones; (2) la publicación del aviso de subasta; (3) el recibo y la apertura pública de las ofertas selladas; (4) el escrutinio por el comité evaluador; (5) la recomendación de adjudicación; y, (6) la adjudicación y notificación. *Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al.*, supra, pág. 7; *CD Builders v. Mun. Las Piedras,* supra, pág. 344.

Es sabido que la Ley Núm. 38-2017, según enmendada, mejor conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* 3 LPRA secs. 9601 *et seq.* (LPAU) rige los

procedimientos administrativos de subastas gubernamentales, mas no aplica a las celebradas por los gobiernos municipales. Sección 1.3(a)(5) de la LPAU, 3 LPRA sec. 9603; *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525 (2019). Ellos, en cambio, se rigen por las disposiciones de la Ley Núm. 107-2020, según enmendada, mejor conocida como el *Código Municipal de Puerto Rico,* 21 LPRA secs. 7001 *et seq.* (Código Municipal). *Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al.,* supra, pág. 8.

La referida pieza legislativa dispone que cada municipio constituirá y tendrá una Junta de Subastas. Artículo 2.038 del Código Municipal, 21 LPRA sec. 7214. Asimismo, establece que, como parte de sus funciones, las Juntas de Subastas entenderán y adjudicarán todas las subastas que se requieran por ley, ordenanza o reglamento. Artículo 2.040 del Código Municipal, 21 LPRA sec. 7216.

En adición, el Código Municipal, *supra,* delinea los criterios de adjudicación y requisitos aplicables al proceso de subasta. En específico, y en lo pertinente, el Artículo 2.040 precisa lo siguiente:

**a.** *Criterios de adjudicación* – Cuando se trate de compras, construcción o suministros de servicios, la Junta adjudicará a favor del postor razonable más bajo. En el caso de ventas o arrendamiento de bienes muebles e inmuebles adjudicará a favor del postor más alto. La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.

La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público. En este caso, la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación.

La adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo, o mediante correo electrónico, si así fue provisto por el licitador o licitadores. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones

por renglones cuando el interés público así se beneficie. La Junta de Subasta notificará a los licitadores no agraciados la razones por las cuales no se le adjudicó la subasta. Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones, de conformidad con el Artículo 1.050 de este Código.

**b.** *Causas para rechazar pliegos de subastas* – La Junta de Subasta podrá rechazar la licitación o las licitaciones que se reciban como resultado de una convocatoria, cuando considere que el licitador carece de responsabilidad o tiene una deuda con el municipio o el Gobierno de Puerto Rico o Gobierno federal o que la naturaleza o calidad de los suministros, materiales o equipo no se ajustan a los requisitos indicados en el pliego de la subasta, o que los precios cotizados se consideren como irrazonables o cuando el interés público se beneficie con ello.

**c.** *Garantías y fianzas* – La Junta requerirá al licitador las garantías que estime necesarias, a los fines de asegurar el cumplimiento del contrato de compra y podrá fijar los demás términos de dicho contrato, que a su juicio, considere necesarios, convenientes o útiles.

[…]

Asimismo, la Junta de Subastas podrá fijar el monto de la fianza provisional para asegurar la participación del licitador en la subasta.

[…]

21 LPRA sec. 7216.

Cabe destacar que el Artículo 1.050 del Código Municipal, *supra*, nos confiere jurisdicción para revisar las adjudicaciones que toman las Juntas de Subasta. Específicamente, el referido artículo dispone lo siguiente:

El Tribunal de Apelaciones revisará, el acuerdo final o adjudicación de la Junta de Subastas, el cual se notificará por escrito y mediante copia por correo escrito regular y certificado o mediante correo electrónico a la(s) parte(s) afectada(s). La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados desde el envío de correo electrónico o depósito en el correo de la copia de la notificación del acuerdo final o adjudicación. La notificación deberá incluir el derecho de la(s) parte(s) afectada(s) de acudir ante el Tribunal de Circuito de Apelaciones para revisión judicial; término para apelar la decisión; fecha de archivo en auto de la copia de la notificación y a partir de qué fecha comenzará a transcurrir el término. La competencia territorial será del panel de jueces correspondiente a la región judicial a la que pertenece el municipio.

21 LPRA sec. 7081.

Finalmente, se ha reiterado la discreción conferida a los organismos gubernamentales a la hora de adjudicar las subastas. *Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al.*, supra, pág. 9; *Mun. Aguada v. W. Const. y Recovery Finance*, supra; *CD Builders v. Mun. Las Piedras*, supra. Ello toda vez que, de ordinario, el ente administrativo se encuentra en mejor posición para evaluar a los licitadores y sus ofertas, conforme a los parámetros jurídicos aplicables. *Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al.*, supra, pág. 9.

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha dispuesto que la anulación arbitraria de una subasta formal válidamente celebrada derrota los objetivos de transparencia, competencia efectiva y honestidad en la adquisición de los bienes y servicios. *Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al.*, supra, pág. 9; *CD Builders v. Mun. Las Piedras*, supra, pág. 345.

Por otro lado, "*adjudicarle una subasta a un licitador que no cumplió con los requisitos establecidos en el pliego de especificaciones violaría el orden público.*" *Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al.*, supra, pág. 9 (énfasis suplido); *CD Builders v. Mun. Las Piedras*, supra, pág. 345. Lo anterior es igualmente extensivo a adjudicar una subasta a un licitador que no haya cumplido con las disposiciones estatuarias esenciales para participar en una licitación. *Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al.*, supra, pág. 9; *CD Builders v. Mun. Las Piedras*, supra, págs. 346-349.

**B. El Reglamento de Subastas del Municipio de Guayanilla**

Procedemos a exponer ciertas disposiciones del Reglamento de Subastas y Solicitud de Propuestas del Municipio de Guayanilla, Reglamento Núm. 2224 de 13 de diciembre de 2022 (Reglamento), teniendo presente la norma trillada de que *los organismos*

*administrativos están obligados a observar de forma estricta y rigurosa sus propios reglamentos. Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 134 (2019); *Ayala Hernández v. Consejo Titulares*, 190 DPR 547, 568 (2014); *T-JAC, Inc. v. Caguas Centrum Limited*, 148 DPR 70, 81 (1999); *García Cabán v. UPR*, 120 DPR 167, 175 (1987).

De entrada, la referida pieza reglamentaria se adoptó con el siguiente propósito:

> [E]stablecer los procedimientos a seguirse en toda subasta pública o solicitud de propuestas que se celebre ante la Junta de Subastas del Municipio de Guayanilla, en aquellos casos así requeridos por ley, por reglamento, ordenanza o resolución municipal; y para establecer las normas y procedimientos generales y uniformes que serán de aplicación a los mismos, incluyendo las normas que regirán la organización, operación, facultades y deberes de los miembros que componen la Junta de Subastas, entre otros.
>
> Reglamento de Subastas y Solicitud de Propuestas del Municipio de Guayanilla, *supra*, Artículo 3.1, pág. 8.

En ese sentido, el Reglamento, *supra*, establece los requisitos y condiciones de los pliegos de subasta o las solicitudes de propuestas a las que los licitadores interesen ofrecer. Específicamente, cabe resaltar lo siguiente:

> Los pliegos de subasta o solicitud de propuestas cumplirán con los requisitos generales que se establecen a continuación:
>
> a. [...]
>
> b. Todo pliego de subasta o solicitud de propuestas contendrá instrucciones específicas respecto a la manera en que se presentarán las ofertas, proposiciones o propuestas a la Junta de Subastas, *así como los términos y condiciones que regirán la transacción.*
>
> [...]
>
> Reglamento de Subastas y Solicitud de Propuestas del Municipio de Guayanilla, *supra*, Artículo 34.1, págs. 49-50 (énfasis nuestro).

Pertinente a la controversia ante nos, el Artículo 40 del referido reglamento especifica que los pliegos de subasta o solicitud de propuestas deberán cumplir con requisitos de fianza y seguro.

En particular, el Artículo 40.2 del Reglamento, *supra*, págs.

56-57, establece lo siguiente:

a. Toda propuesta vendrá acompañada de una Fianza de Licitación ("Bid Bond") por el monto especificado en los pliegos de subasta o solicitud de propuestas a los fines de garantizar la oferta o propuesta.

b. La Fianza de Licitación ("Bid Bond") podrá ser prestada en cheque certificado, oficial o de gerente, emitido por una institución financiera autorizada a hacer negocios en Puerto Rico, a nombre del Municipio o mediante garantía de una compañía de fianzas autorizadas a hacer negocios en Puerto Rico.

c. De no prestarse la Fianza de Licitación ("Bid Bond") debidamente firmada y ejecutada por todas las partes concernidas, y dejar de incluirla como parte de la oferta, proposición o propuesta, ello será causa suficiente para la descalificación del licitador o proponente.

d. Los licitadores o proponentes deberán mantener en vigor la Fianza de Licitación ("Bid Bond") por un término no menos de noventa (90) días, o aquel dispuesto en los pliegos de subasta o solicitud de propuestas, o hasta la adjudicación de la subasta o solicitud de propuestas, lo que ocurra primero.

e. Una vez adjudicada la subasta o solicitud de propuestas, los licitadores o proponentes perdidosos podrán solicitar la devolución de la fianza. No obstante, el licitador o proponente agraciado deberá mantener en vigor la Fianza d Licitación ("Bid Bond") hasta la fecha de la formalización de los documentos contractuales.

Asimismo, el Reglamento, *supra,* impone una serie de

requisitos de forma que los licitadores deben cumplir al presentar

sus ofertas o propuestas. Entre ellos, el Artículo 47.10 del antedicho

reglamento fija lo siguiente:

a. Los pliegos de oferta, proposiciones o propuestas deberán ser firmados en tinta o lápiz indeleble por el licitador o proponente, su apoderado o su representante autorizado.

b. El Municipio podrá considerar aquellas ofertas o propuestas sin firmar, si antes de la apertura de la subasta el licitador o proponente afectado, o su representante autorizado, radicas en el Municipio una carta, u otro documento firmado, que justifique la ausencia de tal firma y aceptando la responsabilidad correspondiente.

c. Podrá aceptarse, además, una oferta sin firmar si con los pliegos de ofertas, proposiciones o propuestas viene algún documento o carta firmada por el licitador o proponente en la cual se haga referencia directa a la transacción.

Reglamento de Subastas y Solicitud de Propuestas del Municipio de Guayanilla, *supra,* Artículo 47.10, pág. 69.

Una vez la Junta declara abierta una subasta y procede a examinar las ofertas o propuestas de los licitadores, estos se exponen a la descalificación automática de la subasta bajo los criterios del Artículo 50.6 del Reglamento:

a. Será causa de descalificación automática la presentación de ofertas, proposiciones o propuestas no responsivas o aquellas que no cumplan con cualquiera de los requisitos mandatorios expresamente establecidos en el pliego de subasta o la solicitud de propuestas.

b. Se consideran causas para la descalificación automática, las siguientes:

1) Ausencia de la Fianza de Licitación ("Bid Bond") acompañando la oferta, proposición o propuesta;

2) Una Fianza de Licitación ("Bid Bond") que no especifica la suma afianzada;

3) Omisión de la propuesta o precio;

4) Incumplimiento con someter alterna [sic] cuando ello se requiera expresamente en el pliego de subasta o solicitud de propuestas;

5) Cualquier otro incumplimiento con condiciones esenciales, requisitos mandatorios y/o requisitos estatutarios y/o reglamentarios que se requieran para la subasta o solicitud de propuestas.

Reglamento de Subastas y Solicitud de Propuestas del Municipio de Guayanilla, *supra*, Artículo 50.6, págs. 74-75.

Asimismo, el antedicho reglamento faculta a la Junta para rechazar todos y cada uno de los pliegos de oferta o propuestas que se reciban como resultado de una convocatoria cuando ocurra lo siguiente:

a. El licitador o proponente carece de responsabilidad;

b. El licitador o proponente carece de capacidad para cumplir con los términos y condiciones del contrato ya sea porque no tiene experiencia previa, no tiene o cuenta con los equipos, maquinarias, facilidades, recursos, entre otros, que son necesarios y/o convenientes para cumplir con el contrato, o no tiene o cuenta con los recursos económicos para asumir las obligaciones contractuales que indica la subasta o la solicitud de propuestas, entre otros;

c. El licitador o proponente tiene una deuda con el Municipio o el Estado Libre Asociado de Puerto Rico y no está acogido a un plan de pago;

d. No se cumple con las especificaciones y/o condiciones del pliego de subastas o la solicitud de propuestas;

e. La naturaleza o calidad de los suministros, materiales o equipo no se ajustan a los requisitos indicados en el pliego de subasta o solicitud de propuestas;

f. Los precios cotizados son irrazonables o no están acordes con el mercado;

g. Exista colusión entre dos (2) o más de los licitadores o proponentes; o cuando se compruebe mediante investigación a esos efectos, que dos (2) o más licitadores o proponentes han acordado defraudar o perjudicar los intereses del Municipio;

h. El licitador o proponente no ha dado atención y cumplimiento satisfactorio a contratos que le hayan sido otorgados anteriormente;

i. El licitador o proponente ha sido convicto por delitos relacionados a malversación de fondos públicos, conforme al Artículo 3 de la "Ley Núm. 428 de 22 de septiembre de 2004", según enmendada, y otras que en lo sucesivo puedan ser aprobadas;

j. Cuando un licitador o proponente presente varias propuestas u ofertas para un mismo renglón, ya sea con su propio nombre u otros nombres o seudónimos;

k. Se estime que no se ha obtenido la competencia adecuada;

l. No haya fondos suficientes para pagar los artículos y servicios;

m. Las ofertas o propuestas contienen frases, párrafos o comentarios ambiguos, incompletos o indefinidos en cuanto a su significado;

n. Las ofertas o propuestas en las cuales los licitadores o proponentes añadan, eliminen, modifiquen o varíen las especificaciones o condiciones solicitadas en el pliego de subasta o la solicitud de propuestas sin que se haya presentado una enmienda alterna y la misma haya sido aprobada;

o. Las ofertas o propuestas que muestren que los licitadores o proponentes controlan el mercado del producto entre sí para cotizar precios irrazonables;

p. Ninguna sea satisfactoria a los intereses del Municipio;

q. Cuando el interés público se beneficie con ello.

Reglamento de Subastas y Solicitud de Propuestas del Municipio de Guayanilla, *supra*, Artículo 55.1, págs. 80-81.

Habiendo expuesto la normativa jurídica aplicable, procedemos a disponer del recurso.

**III.**

En la presente causa, Sherwin-Williams señala que Los Furgones, el ofertante agraciado, incumplió con varios requisitos

que lo invalidaban como licitador, por lo que procede la revocación de la adjudicación de la Subasta. Asimismo, arguye que la Junta incidió al no adjudicarle la buena pro de la licitación. Procedemos en primer lugar, atender esto último.

En esencia, el recurrente cuestiona que, la Junta no le haya adjudicado la Subasta por incumplir con el inciso número cuatro (4) de las Condiciones Generales, la cual precisaba que se debía establecer un tiempo razonable para el pago de la factura que debía honrar todo el año fiscal. Además, impugna que la Junta no le haya adjudicado la buena pro de la Subasta por haber presentado una oferta incompleta. Asimismo, aduce que presentó cotizaciones significativamente más bajas que las de sus competidores, por lo que procede que se le adjudique la buena pro.

Específicamente, Sherwin-Williams interpreta que las Condiciones Generales no requerían que se proveyera una línea de crédito y que la omisión de incluir las condiciones o términos de pago no constituía un defecto insubsanable o causa de descalificación automática. No le asiste la razón.

De lo antes expuesto observamos que, el inciso número cuatro (4) de las Condiciones Generales señala que "*SE DEBERÁ* ESTABLECER UN TIEMPO RAZONABLE PARA EL PAGO DE LA FACTURA EL CUAL DEBE HONRAR TODO EL AÑO FISCAL."[14]

Por lo tanto, el licitador fue debidamente notificado sobre su deber de establecer los términos de pago al momento de presentar su propuesta. Lógicamente, los términos de factura constituyen un criterio a evaluar que, en conjunto a otros, puede determinar la adjudicación de una subasta.

En el presente caso, no surge del expediente que el recurrente, dentro de su oferta, haya establecido los referidos términos de pago

---

[14] SUMAC TA, Entrada Núm. 1, Apéndice Núm. 4, pág. 2 (énfasis nuestro).

para la factura. En ese sentido, no nos persuade el argumento de que su omisión fue un defecto que podía ser subsanado luego de presentar su oferta y, por consiguiente, no constituía un motivo válido para no ser considerado por la Junta como el licitador agraciado.

Asimismo, no procede intervenir con la apreciación de la Junta de no otorgarle la buena pro al recurrente por haberse presentado una oferta incompleta. De igual manera, tampoco corresponde hacerlo por el hecho de que Sherwin-Williams cotizó a precios más bajos que los demás licitadores. Nos explicamos.

El inciso número seis (6) de las Condiciones Generales precisaba que la Junta se reservaba el derecho de considerar cualquier oferta a base de lo que, a su mejor criterio, resultara en los mejores intereses del Municipio. Asimismo, disponía que la Junta podía adjudicar la Subasta a base de otros factores que no fueran los precios.

Colegimos que considerar que la oferta de Sherwin-Williams era incompleta y que este omitió presentar los términos de factura, fue una actuación válida y notificada por la Junta mediante el inciso número seis (6) de las Condiciones Generales. Cónsono con lo anterior, tampoco procede ordenarle a la Junta que le adjudique al recurrente la buena pro a base de los precios cotizados.

Por consiguiente, no nos corresponde variar el criterio de la Junta y ordenarle que adjudique a Sherwin-Williams el Renglón #15. Como ya vimos, lo contrario vulneraría los parámetros establecidos en la contratación gubernamental para proteger la transparencia y responsabilidad fiscal que amerita cualquier desembolso del erario. *Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al.*, supra, pág. 7; *CD Builders v. Mun. Las Piedras*, supra, pág. 344.

Habiendo discutido todo lo anterior, pasemos ahora a analizar si la Junta erró al adjudicarle a Los Furgones la buena pro de la Subasta.

Específicamente, Sherwin-Williams señala que Los Furgones incumplió con presentar la fianza de licitación requerida por la Junta y con presentar los pliegos de oferta sin estar firmados, lo que contravino con el Reglamento que rige los procedimientos de subastas del Municipio de Guayanilla, así como las condiciones establecidas y anunciadas por la Junta para regir la Subasta. En ese sentido, arguye que Los Furgones debió ser descalificado. Le asiste la razón.

Un análisis del expediente refleja que en la oferta de Los Furgones no se acreditó la fianza de licitación requerida por lo que es forzoso concluir que, con ello, incumplió con el primer inciso de las Condiciones Generales que la Junta estableció para regir los procedimientos de la Subasta. Dicho acápite expresamente disponía que:

> TODA LICITACIÓN DEBER[Á] VENIR ACOMPAÑADA DE UNA FIANZA DE $100.00 O UN BID BOND MONTANTE AL DIEZ POR CIENTO (10%) DE LA SOLICITUD ENTREGADA, QUE GARANTICE LOS PRECIOS DE LOS ARTÍCULOS Y MATERIALES COTIZADOS Y EL FIEL CUMPLIMIENTO DE LA OFERTA O UN PAGO DE $100.00 A NOMBRE DEL MUNICIPIO DE GUAYANILLA. ESTA FIANZA NO SERÁ REEMBOLSABLE.

De igual forma, Los Furgones incumplió con las disposiciones reglamentarias establecidas en el Artículo 40 del Reglamento, *supra*, págs. 56-57, las cuales exigen que las propuestas presentadas ante la Junta vengan acompañadas de una fianza de licitación.

Consecuentemente, la Junta debió aplicar a Los Furgones lo dispuesto en la Condición General #7, la cual precisó lo siguiente:

> SI AL ABRIR [É]STE SOBRE CERRADO CONTENIENDO LA OFERTA, NO ESTÁ INCLUIDA LA FIANZA DE LICITACIÓN, NO SE PERMITIRÁ SUBSANAR EL DEFECTO MEDIANTE EL DEPÓSITO DE LA MISMA[.] TODA OFERTA QUE AL ABRIRSE EL SOBRE CERRADO NO TENGA LA FIANZA EXIGIDA, SERÁ DESCALIFICADA INMEDIATAMENTE Y NO SERÁ CONSIDERADA POR LA JUNTA DE SUBASTAS.

Huérfana su propuesta u oferta de la fianza de licitación requerida, es ineludible concluir que la Junta tenía que descalificar automáticamente a Los Furgones del proceso de subasta, por su incumplimiento de las Condiciones Generales que regían los procedimientos de licitación, de los Artículos 40.2 y 50.6 del Reglamento, *supra*, págs. 56 y 74-75, y del Artículo 2.040 (c) del Código Municipal, 21 LPRA sec. 7216.

Por otro lado, Sherwin-Williams señala que los pliegos presentados por Los Furgones no cuentan con la firma del proponente o de su representante autorizado. Un análisis del expediente refleja que, en efecto, los pliegos presentados por Los Furgones no constaban firmados por el proponente o su representante autorizado, y ello supone una infracción al Artículo 47.10 del Reglamento, *supra*, pág. 69. Además, tampoco se incluye algún documento firmado por el licitador en el que se haga referencia directa a la Subasta ni un documento firmado que justifique la ausencia de tal firma, lo cual, según el referido artículo, hubiera podido subsanar tal omisión.

Siendo así, no procede la adjudicación de la Subasta a Los Furgones toda vez que éste no cumplió con los requisitos reglamentarios y estatutarios que condicionaban su capacidad para figurar como licitador en la Subasta.

Como es sabido, los reglamentos tienen fuerza de ley para los organismos administrativos, como lo es la Junta en el presente caso. Ciertamente, el incumplimiento de las disposiciones reglamentarias que regulan los procedimientos que la Junta ejecuta, constituye una actuación arbitraria e irrazonable y se aparta de las normas que rigen la adjudicación de subastas gubernamentales.

Como vimos, adjudicarle una subasta a un licitador que no cumplió con las condiciones establecidas para participar en la licitación, así como con los requisitos establecidos en las

disposiciones reglamentarias y estatuarias aplicables, vulnera las normas del orden público. *Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al.*, supra, pág. 9; *CD Builders v. Mun. Las Piedras*, supra, págs. 345-349.

Consecuentemente, la Junta incidió al adjudicarle la buena pro a Los Furgones del Renglón #15 de la Subasta.

## IV.

Por los fundamentos que anteceden, resolvemos *revocar* la adjudicación recurrida y dejamos sin efecto la paralización de los procesos.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones